UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*www.flsb.uscourts.gov*

In re:

GIANO GELATO LLC,                   Case No. 19-26273-LMI
                                                     Chapter 7

       Debtor.
_____/

## TRUSTEE'S MOTION TO OVERRULE OBJECTIONS TO SUBPOENA, FOR PRODUCTION OF DOCUMENTS, AND FOR PRIVILEGE LOG

Plaintiff, MARCIA T. DUNN, as Chapter 7 Trustee of the bankruptcy estate of GIANO GELATO LLC (the "Trustee"), by and through undersigned counsel, requests that this Court overrule the objections to the Subpoena proposed by CNC Accounting Corp. ("CNC"), for production of documents, and for privilege log and in support thereof, states as follows:

1. On December 5, 2019 (the "Petition Date"), GIANO GELATO LLC (the "Debtor"), commenced the instant case with the filing of a bare-bones voluntary petition under Chapter 7, Title 11 of the bankruptcy United States Bankruptcy Code (the "Petition").

2. Marcia T. Dunn was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

3. On February 20, 2020, the Trustee filed and served a *Notice of Rule 2004 Examination Duces Tecum Subpoena of CNC Accounting Corp.* (the "Subpoena") [D.E. 27], thereby requesting information and documentation from CNC to be produced no later than March 12, 2020.

2. The Trustee seeks documents and information from CNC as part of her investigation of the Debtor, and in particular, the Debtor's relationship with and interest in H&A GELATO, LLC.

1

3. On February 28, 2020, the Trustee granted CNC an extension of time to respond to the Subpoena on or before April 3, 2020.

4. On May 15, 2020, CNC untimely served its "Response and Objection to Subpoena and Incorporated Memorandum of Law" (the "Response"). Attached hereto as **Exhibit 1** is a true and correct copy of the Response. No privilege log was produced in conjunction with the Response.

5. Fed. R. Bankr. P. 2004 allows the Trustee to go on a fishing expedition so long as the information sought relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate...." *In re MMH Auto. Group, LLC,* 346 B.R. 229, 233 (Bankr. S.D. Fla. 2006) (citing *In re Wilcher*, 56 B.R. 428 (Bankr.N.D.Ill.1985)).

6. Regarding CNC's objection as it relates to H&A GELATO, LLC, the Trustee requests that such objection be overruled.

7. First, Federal Rule of Evidence 501 states that the federal common law of privilege applies when federal law determines the substantive rights of the parties. Fed.R.Evid. 501; *In re N. Plaza, LLC*, 395 B.R. 113, 121 (S.D. Cal. 2008) (citing *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989)). An examination under Bankruptcy Rule 2004 is nonadversarial in nature and aimed at discovering evidence upon which future causes of action may be based, thus if a subpoena is issued in connection with a Rule 2004 examination, bankruptcy law and federal common law apply. *In re N. Plaza, LLC*, 395 B.R. at 122 (citations omitted).

8. Further, as stated in *Matter of Int'l Horizons, Inc.*, the Eleventh Circuit held that the bankruptcy court is not required to apply a state-created accountant/client privilege because no such privilege exists as a matter of federal common law. *Matter of Int'l Horizons, Inc.*, 689 F.2d

996, 1004 (11th Cir. 1982) (*Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973)). Even as a matter of comity, the Eleventh Circuit has held that such consideration does not require a federal court to state law account-client privilege. *Int'l Horizons,* 689 F.2d at 1005.

9. Second, to the extent the Court applies Fla. Stat. 90.5055, the Court should overrule the objection. Fla. Stat. 90.5055(4) states that there is no accountant-client privilege when the services of the accountant were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or should have known was a crime or fraud and relevant to a matter of common interest between two or more clients, if the communication was made by any of them to an accountant retained or consulted in common when offered in a civil action between the clients.

10. Here, the Trustee is investigating the nexus between the Debtor and H&A GELATO, LLC. Facts supporting this nexus from www.sunbiz.org include the fact that Hernan Gianelli and Adrian Gianelli were the managers of the Debtor between (at least) April 28, 2016 and January 26, 2018 all while both Hernan Gianelli and Adrian Gianelli were also the managers of H&A GELATO, LLC between (at least) October 11, 2017 and the present. In addition, both the Debtor and H&A GELATO, LLC have the same registered agent – CNC.

11. In the event that principals of the Debtor (Hernan Gianelli and Adrian Gianelli), shut down the Debtor's operations and transferred same to H&A GELATO, LLC, the documents relating to H&A GELATO, LLC would not be protected by the accountant-client privilege. Further, it appears that a common interest exists between the Debtor and H&A GELATO, LLC.

12. Additionally, 26 U.S.C. § 7216 does not preclude production of documents pursuant to the Subpoena. I.R.C § 7216(b)(1)(B) permits disclosure pursuant to a court order.

While interpreting 26 U.S.C. § 6103, the *Int'l Horizons* court noted that noted that this section as promulgated to prevent disclosure by the government and did not preclude production of documents needed to assess a debtor's financial arrangement or plan. *In re GHR Companies, Inc.,* 41 B.R. 655, 662 (Bankr. D. Mass. 1984) (*In re International Horizons, Inc.,* 16 B.R. 484, 485–87 (Bankr.N.D.Ga.1981), *aff'd*, 689 F.2d 996 (11th Cir.1982)).

13. Therefore, the Trustee seeks an order overruling the objections and ordering CNC to produce the documents withheld per Fla. Stat. 90.5055 and 26 U.S.C. § 7216.

14. Further, in response to the Subpoena, CNC produced 725 pages of documents. However, some of the pages are redacted in full or in part. CNC did not provide a privilege log with the Response.

15. To the extent that redactions related to Fla. Stat. 90.5055, such objections to the discovery should be overruled based on above.

16. To the extent CNC is asserting another objection to the Subpoena, the Trustee requests that CNC provide a privilege log asserting the specific objections to the Subpoena.

17. Pursuant to Local Rule 7026-1(F), undersigned counsel and counsel to CNC conferred regarding this Motion. The parties were unable to resolve this motion without the Court intervention.

WHEREFORE, MARCIA T. DUNN, as Chapter 7 Trustee of the bankruptcy estate of GIANO GELATO LLC, requests that the Court enter an order (i) granting the motion; (ii) overrule CNC's objections to the Subpoena; (iii) compel CNC to produce all documents withheld relating to or regarding H&A GELATO, LLC; (iv) order CNC to prepare a privilege log; and (v) grant such further and other relief as the Court deems just and proper.

Dated: June 11, 2020                              Respectfully submitted,

**DUNN LAW, P.A.**
*Counsel for Plaintiff, Marcia T. Dunn,*
*as Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Phone: (786) 433-3866
Fax:    (786) 260-0269
barry.turner@dunnlawpa.com

By:  */s/ Barry S. Turner*
       Barry S. Turner, Esq.
       Fla. Bar No. 85535


## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. First Class Mail, Fax, or Email, as indicated below, on June 11, 2020, upon the following:

| | |
|---|---|
| Matthew A. Tornincasa, Esq.<br>2700 N. Military Trail, Suite 150<br>Boca Raton, FL 33431<br>matt@shendellpollock.com<br>carson@shendellpollock.com<br>*Counsel to CNC* | H&A GELATO, LLC<br>CNC CERTIFIED PUBLIC<br>ACCOUNTANT, its Registered Agent<br>3401 SW 160 AVE., SUITE 330<br>MIRAMAR, FL 33027 |
| H&A GELATO, LLC<br>HERNAN GIANELLI, Manager<br>3401 SW 160 AVE., SUITE 330<br>MIRAMAR, FL 33027 | H&A GELATO, LLC<br>ADRIAN GIANELLI, Manager<br>3401 SW 160 AVE., SUITE 330<br>MIRAMAR, FL 33027 |

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 11th day of June, 2020, upon all registered users in this case.

By:    */s/ Barry S. Turner Esq.*
       Barry S. Turner, Esq.
       FL Bar No. 85535